MORRIS (LUCAS v.). See Case No. 8,587.

## Case No. 9,834.

### MORRIS v. MAXWELL.

[3 Blatchf. 143.][1]

Circuit Court, S. D. New York. Dec., 1853.

CUSTOMS DUTIES—APPRAISEMENT—PERIOD OF VALUATION—PENALTY—UNDERVALUATION.

1. Under section 17, Act Aug. 30. 1842 (5 Stat. 564), and section 1. Act March 3, 1851 (9 Stat. 629), the appraisement of goods determines their dutiable value.

2. Act March 3. 1851, changes the period of valuation by appraisement, from the time of purchase to the time of exportation.

3. Section 8, Act July 30. 1846 (9 Stat. 43), construed, in reference to the imposition of 20 per cent. penalty for the undervaluation of imports.

4. The authority to impose such penalty is not limited to cases where an entry has been made of the imports, or where the importer, on entry, has added to the cost or value given by the invoice.

5. Section 1, Act March 3, 1851, varies the provisions of section 8, Act July 30, 1846, only so far as concerns the period of time in reference to which the valuation of imports is to be made, and does not affect the question of the imposition of extra duties because of undervaluation.

The plaintiff [Joseph Morris], in August, 1851, imported into the port of New York, an invoice of needles from Liverpool, purchased

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

by him in England. The invoice prices were raised, by appraisement and reappraisement as of the time of exportation, more than ten per cent., and duties on the increase and a penalty were levied accordingly. Those imposts were paid under protest, by the agent of the plaintiff, and this action was brought against [Hugh Maxwell] the collector to recover them back. The protest was the printed form used in Goddard v. Maxwell [Case No. 5,492], including also a written clause, "that 20 per cent. penalty, section 8 of tariff act of 1846, cannot be exacted except where the importer has added to his invoice price on entry."

BETTS, District Judge. The appraisement determined the dutiable value of. the goods, under the provisions of section 17 of the act of August 30, 1842 (5 Stat. 564), and of section 1 of the act of March 3, 1851 (9 Stat. 629). Accordingly, there is no ground for a recovery because of any excess of duties levied. The act of 1851 changed the period of valuation by appraisement, from the time of purchase to the time of exportation, and the appraisers, on this occasion, adopted the latter period, in making the appraisal.

Section 8 of the act of July 30, 1846 (9 Stat. 43), consists of two distinct provisions. One of them relates to the importing of purchased goods, with the privilege to the importer to make an addition, on his entry, to the invoice cost or value, for the purpose of raising it to the true market value of the goods. The other provision relates to the appraisal of such goods, and their liability to an additional duty or penalty of 20 per cent. The term "such imports," used in the second branch of the section, refers to the expression or description, "imports which have been actually purchased," employed in the antecedent branch, and is not limited to the circumstance or condition of an entry having been made of the imports, or of an addition, in the entry, by the importer, to the cost or value given by the invoice.

Section 1 of the act of March 3, 1851, varies the provisions of section 8 of the act of July 30, 1846, only in so far as concerns the period of time in reference to which the valuation of imports is to be made, and is not inconsistent with the imposition of extra duties, under that or any preceding act, because of an undervaluation of imports. And section 4 of the act of 1851, by implication, continues in force all anterior enactments to that end. Accordingly, the defendant was authorized to cause the extra duties in question to be levied in this case. Judgment for defendant.

MORRIS (NEW ORLEANS v.). See Cases Nos. 10,182 and 10,183.

MORRIS (PRICE v.). See Case No. 11,414.